AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

RONALD MERRIWEATHER

*Plaintiff(s)*

v.

THE CITY OF NEW YORK
DET. NELSON MENDEZ

*Defendant(s)*

Civil Action No. 12 CV 5258

JUDGE ABRAMS

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

The City of New York - 1 Centre Street, N.Y., N.Y. 10007
Det. Nelson Mendez - c/o 47th Precinct - 4111 Laconia Ave., Bronx, N.Y. 10466

A lawsuit has been filed against you.

Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Yalkut & Israel Esqs.
865B Walton Ave.
Bronx, N.Y. 10451
(718) 292-2952

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: JUL - 6 2012

*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RONALD MERRIWEATHER,

                         Plaintiff,                  COMPLAINT

                -against-                  JURY TRIAL DEMANDED

THE CITY OF NEW YORK,                  ECF CASSE
DET. NELSON MENDEZ, Shield No. 06314       12 CV 5258

                    Defendants.
------------------------------------------------------------------X

**JUDGE ABRAMS**

The Plaintiffs by their attorneys, Yalkut & Israel, complaining of the defendants, respectfully allege as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages fees pursuant to 42 U.S.C. 1983 and 42 U.S.C. 1988 for violation of their civil rights and the Constitutions of New York and the United States.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. 1983 and 42 U.S.C. 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and Article 1 Section 12 of the New York State Constitution;

### VENUE

3. Venue is properly laid in the Southern District of New York under 28 U.S.C. 1391(b) in that this is the District in which the claim arose.

### JURY DEMAND

4. Plaintiff respectfully demands trial by jury of all issues in this matter pursuant to Federal

Rules of Civil Procedure, P. 38(b)

## PARTIES

5. That at all times hereinafter mentioned, defendant, THE CITY OF NEW YORK (hereinafter referred to as "CITY") was a municipal corporation duly organized and existing pursuant to the laws of the State of New York.

6. That at all times herein mentioned the Plaintiff resided in the County of Bronx, City and State of New York;

7. That at all times herein mentioned, DET. NELSON MENDEZ was employed by the defendant "CITY" and the New York City Police Department herein;

8. This action is commenced within three years of the date of the incident and/or accrual of the cause of action.

9. That at all times hereinafter mentioned, defendant, "CITY, owns the NYC POLICE DEPARTMENT (hereinafter referred to as " POLICE") as a subsidiary;

10. That at all times hereinafter mentioned, defendant, "CITY", maintains the "POLICE";

11. That at all times hereinafter mentioned, defendant, "CITY", operates the "POLICE";

12. That at all times hereinafter mentioned, defendant, CITY, controls the "POLICE";

13. That at all times hereinafter mentioned, defendant, CITY, manages the "POLICE";.

14. That at all times herein mentioned the plaintiff resides in one room on the second floor in the premises known as and by 3321 Seymour Avenue, County of Bronx, City and State of New York;

15. That at all times herein mentioned, the Defendant DET. NELSON MENDEZ was acting in his official capacity with the full knowledge and consent of the Defendant "CITY" and "POLICE";

## FIRST COUNT-FALSE IMPRISONMENT

16. On March 27, 2010 at approximately 7:00 a.m. of that day, plaintiff was lawfully within his rented room on the second floor of premises 3321 Seymour Avenue, County of Bronx, New York when, including the Defendant Det. Nelson Mendez, members of the "POLICE" of defendant, "CITY", responded to said location with a search warrant for the first floor and basement of said premises only;

17. Plaintiff was lawfully at said location.

18. P)laintiff was falsely imprisoned at the scene of the occurrence, where a gun was held to his head for a great period of time and same continued at the 47th Precinct, Central Booking and the Criminal Court of the State of New York, Bronx County;

19. As a result of the aforementioned the plaintiff suffered emotional trauma, feared for his life, lost his job and sustained severe and serious other consequential damages.

20. Plaintiff intends to claim punitive damages for all of the counts interposed

21. The criminal action against the Plaintiff was disposed of as follows: Case dismissed 5/24/12 ;

22. As a result of the foregoing, the plaintiff, has been damaged in a sum within the Jurisdictional limits of The United States District Court, Southern District and in excess of the Jurisdictional limits of all inferior Courts.

## .SECOND COUNT-NEGLIGENT TREATMENT:

23. Plaintiff repeats, reiterates and re-alleges the allegations contained in Paragraphs "1" through "22" herein as if more fully set forth at length;

24. At the aforementioned time and place, the plaintiff was negligently treated by various

police officers employed by the defendant, "CITY" and "POLICE"

25  Said police officers were acting within the course and scope of the their employment;

26,  As a result of the foregoing, the sustained severe and serious emotional injuries lost his job and other consequential damages.

27.  Plaintiff intends to claim punitive damages for all of the counts interposed herein

28.  As a result of the foregoing, the plaintiff has been damaged in a sum within the Jurisdictional limits of The United States District Court, Southern District and in excess of the Jurisdictional limits of all inferior Courts

### THIRD COUNT-INVASION OF PRIVACY:

29.  Plaintiff repeats, reiterates and re-alleges the allegations contained in Paragraphs "1" through "28"herein as if more fully set forth at length

30.  The aforementioned occurrence constituted an invasion of the privacy of the plaintiff;

31.  As a result of the foregoing, the sustained severe and serious emotional injuries feared for his life, lost his job and suffered other consequential damages.

32.  Plaintiffs intend to claim punitive damages for all of the counts interposed herein.

33.  As a result of the foregoing, the plaintiff has been damaged in a sum within the Jurisdictional limits of The United States District Court, Southern District and in excess of the Jurisdictional limits of all inferior Courts.

### FOURTH COUNT-CIVIL RIGHTS VIOLATION:

34.  Plaintiff repeats, reiterates and re-alleges the allegations contained in Paragraphs "1" through "33" herein as if more fully set forth at length:

35.  As a result of the aforementioned occurrence, the plaintiff was deprived of his civil rights under the Constitution of the State of New York and the Constitution of the United

States, as well as other State ordinances statutes, codes and rules, including but not limited to 42 USC §1981, §1983, §1985 Section 1988 and 28 USC § 1343, Fourth Amendment to the United States Constitution and Article 1 Section 12 of the New York State Constitution.

36. As a result of the foregoing, the plaintiff suffered emotional trauma, lost his job, feared for his life, sustained severe and serious other consequential damages.

37. Plaintiff intends to claim punitive damages for all of the causes of action interposed herein.

38. As a result of the foregoing, the plaintiff has been damaged in a sum within the Jurisdictional limits of The United States District Court, Southern District and in excess of the Jurisdictional limits of all inferior Courts.

### FIFTH COUNT-NEGLIGENCE

39. Plaintiff repeats, reiterates and re-alleges the allegations contained in Paragraphs "1" through "38" herein as if more fully set forth at length:

40. The aforementioned occurrence took place by reason of the negligence of defendants, its agents, servants and/or employees, including various police officers.

41. As a result of the foregoing, the plaintiff suffered emotional trauma, feared for his life, lost his job and sustained severe and serious other consequential damages.

42. Plaintiff intends to claim punitive damages for all of the causes of action interposed herein.

43. As a result of the foregoing, the plaintiff has been damaged in a sum within the Jurisdictional limits of The United States District Court, Southern District and in excess of the Jurisdictional limits of all inferior Courts.

## SIXTH COUNT-PRIMA FACIE TORT

44. Plaintiff repeats, reiterates and re-alleges the allegations contained in Paragraphs "1" through "43" herein as if more fully set forth at length.

45. Defendants with intent to emotionally harm the plaintiff and without justification, intentionally acted to emotionally harm said plaintiff, causing pecuniary loss to plaintiff;

46. The plaintiff is seeking punitive damages on all counts.

47. The plaintiff is seeking damages in a sum within the Jurisdictional limits of The United States District Court, Southern District and in excess of the Jurisdictional limits of all inferior Courts..

## SEVENTH COUNT MUNICIPAL LIABILITY

48. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs " 1" through "47" as if the same were more fully set forth at length herein.

49. Defendants imprisoned and detained in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said imprisonment and detention would jeopardize plaintiffs liberty, well being, safety and constitutional rights.

50. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

51. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department., all under the supervision of ranking officers of said department.

52. . The aforementioned customs, policies. usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:
    a) Fabricating evidence against innocent persons erroneously arrested;
    b) Imprisoning innocent persons wrongfully apprehended: and
    c) Imprisoning innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any wrongdoing;
    d) Illegal Search and Seizure;
53. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct. as documented in the following civil rights actions filed against the City of New York:

    - **Frank Douglas v. City of New York**., United States District Court Southern District of New York, 03 CV 6475;

    **Darnell Flood v. City of New York,** United States District Court, Southern District of New York. 03 CV 10313;

    **Theodore Richardson v. City of New York. et al,** United States District Court, Eastern District of New York, 02 CV 3651;

    **Phillip Stewart v. City of New York,** United States District Court, Southern District of New York, 05 CV 2375;

    **Benjamin Taylor v. City of New York.** United States District Court. Eastern District of New York, 01 CV 5750;

    **Angel Vasquez v. City of New York,** United States District Court, Eastern District of New York, 05 CV 3552;

    - **Alvin ,Williams v. City of New York.,** United States District Court, Southern District of New York.. 05 CV 4013:

    **Terrence Burton v. City of New York,** United States District Court, District of New York, 06 CV 6884.

54. The foregoing customs, policies. usages, practices, procedures and rules of the

City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of the plaintiff;

55. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by the plaintiff as alleged herein.

56. As a result of the foregoing, the plaintiff suffered emotional trauma, feared for his life, lost his job and sustained severe and serious other consequential damages.

57. As result of the foregoing custom, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, the plaintiff was imprisoned unlawfully for several hours;.

58. Defendants, collectively and individually, while acting under color of State Law, were directly and actively involved in violating the constitutional rights of the plaintiff;

59. Defendants, collectively and individually, while acting under color of State Law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of the plaintiff's constitutional rights.

60. All of the foregoing acts by the defendants deprived the plaintiff of federally protected rights, including but not limited to:

    A. Not to be deprived of liberty without due process of law.

    B. To be free from seizure and imprisonment not based upon probable cause.

    C. To be free from unwarranted and malicious detention and prosecution;

    D. Not to have cruel and unusual punishment imposed upon him/her; and

    E. To receive equal protection under the law.

61. The plaintiff intends to seek punitive damages on all counts.

62. The plaintiff seeks damages in a sum within the jurisdictional limits of The United States District Court, Southern District and in excess of the jurisdictional limits of all inferior Courts.

**WHEREFORE,** Plaintiff, demands judgement against all defendants, jointly and severally in each count in the sum of One Million ($1,000,000.00) Dollars in compensatory damages and the sum of One Million ($1,000,000.00) Dollars in punitive damages plus attorney's fees, costs and disbursements of this action

A jury trial is demanded.

By _____
ARLEN S. YALKUT (AY-1522)
YALKUT & ISRAEL
Attorneys for Plaintiff
865B Walton Avenue
Bronx, New York 10451
(718) 292-2952